# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**CHRISTOPHER STAMPS**                   **CIVIL ACTION NO. 20-0095**

                                         **SECTION P**

**VS.**

                                         **JUDGE TERRY A. DOUGHTY**

**WARDEN WYLES, ET AL.**                 **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Plaintiff Christopher Stamps, a prisoner at Bossier Medium Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 21, 2020, under 42 U.S.C. § 1983. With the exception of Plaintiff's claims against Sergeant Young, the Court has dismissed Plaintiff's claims.[1] For reasons below, the Court should dismiss Plaintiff's remaining claims.

## Background

On March 18, 2020, the Court directed the United States Marshals Service to serve defendants. [doc. # 9, p. 3]. On May 18, 2020, a U.S. marshal unsuccessfully attempted to serve Defendant Young at Caddo Correctional Center, the service address Plaintiff provided. [doc. #s 10, p. 3; 12]. The marshal noted that Young no longer worked there and that other officials were unable to provide Young's address. [doc. # 12].

On June 1, 2020, to facilitate service, the Court ordered the Warden of Caldwell Correctional Center to provide Young's last known address. [doc. # 15]. On June 18, 2020, the Warden provided Young's last known address. [doc. # 22]. On August 18, 2020, a U.S. marshal

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

was unable to serve Young, noting, "no one home." [doc. # 30]. The U.S. Marshal tried again on September 22, 2020, but was unable to serve Young, noting, "no one home; possibly vacant." *Id.*

The Court instructed a marshal to attempt service again and included special instructions to "attempt to contact Young by telephone to find when he will be home, or otherwise try to serve him in the morning or late in the afternoon." [doc. # 39]. The marshal attempted service again on November 20, 2020, but he was unsuccessful. *Id.* The marshal noted: "No one home . . . checked with local P.D. they did not know subject. Also checked with water dept. No phone # given for subject." *Id*

## Law and Analysis

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987). "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). If, however, the plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).

Under FED. R. CIV. P. 4(c)(3), "The court must so order [that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Here, Plaintiff is

2

authorized to proceed in forma pauperis under 28 U.S.C. § 1915; thus, the Court ordered the U.S. marshal to serve Defendant Young.

Plaintiff is "dependent upon the Marshal's Service to effectively serve" Young. See *Rochon v. Dawson*, 828 F.2d 1107, 1109 (5th Cir. 1987). "[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Id.* at 1110. But if the marshal's failure to serve is due to "dilatoriness or fault" of the plaintiff, a court may dismiss the action for failure to serve. *Id.*

Further, "While . . . incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* "A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

Here, the marshals exercised due diligence but were unable to serve Young. A marshal was unable to serve Young at the address Plaintiff provided. The Court obtained Young's last known address from his former employer, but twice a marshal was unable to serve Young there. The Court then instructed the marshal to try again and provided specific service instructions, but the marshal could not locate or otherwise serve Young.

Plaintiff does not demonstrate good cause. He has made no *attempt* to remedy the lack of service. He has not attempted to provide another address or location at which to serve Young, nor has he sought an extension of time in which to find an address or location. Neither

Plaintiff's pro se status nor any ignorance of the Federal Rules of Civil Procedure provides grounds for excusable neglect.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Christopher Stamps' remaining claims against Sergeant Young be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m).

**By this Report and Recommendation, the Court notifies Plaintiff that his claims are subject to dismissal because Defendant Young has not been served. Plaintiff may raise any arguments or present any evidence, with respect to a showing of good cause for the lack of service, during the fourteen-day objection period described below.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of January, 2021.

4

Karen L. Hayes
United States Magistrate Judge